UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN CARVER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL MUKASEY, UNITED STATES ATTORNEY GENERAL,<br><br>　　　　Defendant. | CASE NO. C08-354RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

## **I. INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. #13) and Defendant's Cross Motion for Summary Judgment (Dkt. #20). Plaintiff argues that the Court should grant him the relief requested in his complaint based upon an administrative ruling by the Equal Employment Opportunity Commission. Defendant maintains, as it did in a previous motion to dismiss, that the Court lacks jurisdiction over this case. Defendant alternatively argues that even if jurisdiction existed, the remedy requested by Plaintiff is beyond the scope of the Court's review.

For the reasons set forth below, the Court agrees with Defendant, and DENIES Plaintiff's Motion for Summary Judgment, and GRANTS Defendant's Cross-Motion for Summary Judgment.

MEMORANDUM ORDER
PAGE - 1

## II. DISCUSSION

### A. Background[1]

Plaintiff John Carver ("Mr. Carver") filed the instant civil action to enforce a favorable administrative ruling he previously obtained from the Equal Employment Opportunity Commission ("EEOC"). EEOC's ruling found that the Department of Justice ("DOJ") had violated the Age Discrimination in Employment Act ("ADEA") in denying Mr. Carver a position as an Assistant United States Attorney. Mr. Carver claims that DOJ has not complied with EEOC's order because DOJ has wrongfully offset certain benefits, including annual and sick leave, from his interim employers without any justification. As a result, Mr. Carver essentially alleges that he is entitled to a larger amount than what was previously given to him by the DOJ after the EEOC issued its decision.

After Mr. Carver filed the instant lawsuit in this Court, Defendant moved to dismiss the case on the grounds that the Court lacked jurisdiction over Mr. Carver's claim. The Court denied Defendant's motion, holding that the relevant statutory framework provided the Court with jurisdiction at the time. The parties now agree that all relevant facts are virtually undisputed, and that summary judgment is the appropriate mechanism to resolve the case. Accordingly, both parties filed their respective motions and the case is now ripe for review.

### B. Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Id*. at 248. Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-*

---

[1] The Court has previously discussed in detail the relevant facts of this case in its Order denying Defendant's Motion to Dismiss (Dkt. #9), and finds it unnecessary to repeat them in their entirety here.

*Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995).

## C. 29 C.F.R. § 1614.503(g)

Notwithstanding Mr. Carver's arguments to the contrary, the Court finds that it now lacks jurisdiction over this case. C.F.R. § 1614.503(g) details the circumstances in which a petitioner may pursue an action in federal court when he is seeking enforcement of an administrative ruling. The statute provides:

> Where the Commission has determined that an agency is not complying with a prior decision, *or where an agency has failed or refused to submit any required report of compliance*, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA, the Equal Pay Act or the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedures Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361, or to commence de novo proceedings pursuant to the appropriate statutes.

C.F.R. § 1614.503(g) (emphasis added).

Based partially on this statute, Defendant previously moved to dismiss the case. Defendant argued that the EEOC made no finding that DOJ was not complying with a prior decision after Mr. Carver filed a petition for enforcement. The Court found, however, that dismissal was not warranted because DOJ had not submitted a required report of compliance pursuant to C.F.R. § 1614.503(g). The EEOC's order on August 8, 2005, after DOJ appealed the original administrative ruling in favor of Mr. Carver, directed DOJ to "submit a report of compliance, as provided in the statement entitled 'Implementation of the Commission's Decision.' The report *shall include supporting documentation of the agency's calculation of back pay and other benefits due complainant, including evidence that the corrective action has been implemented. Copies of all submissions to the Commission shall be sent to the complainant*." (Dkt. #14, Decl. of Carver, Ex. B at 9) (emphasis added). Furthermore, the EEOC's decision on Mr. Carver's petition for enforcement held that "*[e]xcept for submission of its final compliance report*, we find that the agency has completed its obligation to [Mr. Carver] under our Order and that the [DOJ] has complied with our Order." (*Id*., Ex. H at 2) (emphasis added). As a result, the Court found that Mr. Carver fit within the rubric of C.F.R. § 1614.503(g), because it was undisputed that no final report of compliance had been provided to

MEMORANDUM ORDER
PAGE - 3

Mr. Carver.

Since the Court's ruling, DOJ subsequently provided a 44-page "Final Compliance Report" on October 2, 2008. (Dkt. #21, Decl. of Mittet, Ex. A). The report detailed the figures and reasons DOJ arrived at in calculating the ultimate amount of Mr. Carver's back-pay. Therefore the only basis for the Court's previously ruling no longer exists. There is now no aspect of the EEOC's original ruling to enforce, and DOJ has fulfilled its obligations.

Moreover, the relief requested by Mr. Carver in the instant case is beyond this Court's review. As indicated in its previous ruling, the Court construed Mr. Carver's complaint as a civil action to enforce a favorable administrative ruling. In such a situation, the issue is not liability or the remedy, but whether the federal employer has complied with a remedial order. *See Laber v. Harvey*, 438 F.3d 404, 417 (4th Cir. 2006). Further, in an action for enforcement where the claimant has already received a favorable ruling, the Court cannot award new relief or expand the relief already awarded. *See Timmons v. White*, 314 F.3d 1229, 1235 (10th Cir. 2003). Mr. Carver is very clearly seeking additional back pay in this action for enforcement after a favorable EEOC ruling, and the Court is precluded from making such a finding.

### **III. CONCLUSION**

Having reviewed the relevant pleadings, the declaration and exhibits thereto, and the remainder of the record, the Court hereby finds and orders:

(1) Plaintiff's Motion for Summary Judgment (Dkt. #13) is DENIED, and Defendant's Cross-Motion for Summary Judgment (Dkt. #20) is GRANTED. The case is now closed.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this __13__ day of January, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

MEMORANDUM ORDER
PAGE - 4